NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-7230 |
| Plaintiff - Appellee, | D.C. No. 1:25-cr-00058-JAO-1 |
| v. | |
| MARLON ANTHONY ROGERS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Jill A. Otake, District Judge, Presiding

Submitted July 29, 2026**

Before: McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Marlon Anthony Rogers appeals from the district court's judgment and

challenges the above-Guidelines, 56-month sentence imposed following his guilty-

plea conviction for cyberstalking in violation of 18 U.S.C. § 2261A(2)(B). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rogers first contends that the district court procedurally erred by failing to explain adequately its reasons for imposing a sentence 15 months longer than the high end of the Guidelines range. We review for plain error, *see United States v. Bradford*, 148 F.4th 699, 708 (9th Cir. 2025), and conclude there is none. The district court explained that an above-Guidelines sentence was necessary to account for the egregiousness of Rogers's conduct. The district court's explanation permits meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). And Rogers has not shown a "reasonable probability" he would have received a lesser sentence had the court said more. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Rogers next contends that the district court erred by basing the upward variance on factors already taken into consideration in the calculation of the Guidelines range and that his sentence is substantively unreasonable as a result. The district did not abuse its discretion by imposing the above-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Contrary to Rogers's contention, the district court did not engage in any "impermissible double-counting." *United States v. Christensen*, 732 F.3d 1094, 1100-01 (9th Cir. 2013) (district court may vary upward on the ground that the guideline range does not sufficiently account for the nature and circumstances of the defendant's offense).

Moreover, the sentence is substantively reasonable in light of the 18 U.S.C.

§ 3553(a) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**